IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                  CR. No. 12-2535 JP

TASHA CHAVEZ,

        Defendant.

## MEMORANDUM OPINION AND ORDER

On October 3, 2014, the United States of America filed a MOTION TO DISMISS THE SUPERSEDING INDICTMENT WITHOUT PREJUDICE AS TO DEFENDANT TASHA CHAVEZ (Doc. No. 110) (Motion to Dismiss). On November 18, 2014, the Court held a hearing on the Motion to Dismiss. The United States of America was represented by Assistant United States Attorney Charles Barth and Assistant United States Attorney Lynn Wang. Defendant Tasha Chavez was present and was represented by Attorney Jason Bowles.

BACKGROUND

On February 6, 2013, a grand jury issued a Superseding Indictment charging James McDaniel and Tasha Chavez with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, attempted bank robbery in violation of 18 U.S.C. § 2113(a), and aiding and abetting in violation of 18 U.S.C. § 2.

On December 18, 2013, both Defendants, James McDaniel and Tasha Chavez, entered into plea agreements with the United States of America under Fed. R. Crim. P. 11(c)(1)(C). At a change of plea hearing before United States Magistrate Judge Lorenzo F. Garcia on December 18, 2013, Defendant James McDaniel entered a plea of guilty to the charges of Attempted Bank

Robbery and Aiding and Abetting in violation of 18 U.S.C. §§ 2113(a) and 2. Defendant Tasha Chavez entered a plea of guilty before Judge Garcia to an Information that charged her with committing Misprision of Felony in violation of 18 U.S.C. § 4. With respect to Defendant Tasha Chavez, Judge Garcia found that she entered her plea of guilty knowingly, willingly, and voluntarily and that her plea of guilty was supported by an independent factual predicate. Judge Garcia then accepted Defendant Tasha Chavez's plea of guilty and adjudged her guilty of the offense charged in the Information.

The Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement between the United States of America and Defendant James McDaniel stipulated that an appropriate sentence would be a term of imprisonment in the range of 46 to 57 months. The Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement between the United States of America and Defendant Tasha Chavez stated that the appropriate sentence would be one year of supervised release and restitution.

On July 3, 2014, the Court accepted the plea agreement between the United States of America and Defendant James McDaniel and sentenced James McDaniel to imprisonment for 51 months in accordance with the terms of the plea agreement. At the same hearing, the Court announced that, in good conscience, it could not accept the plea agreement between the United States of America and Defendant Tasha Chavez. By comparison to the sentence agreed to for co-Defendant James McDaniel, the sentence proposed for Defendant Tasha Chavez was too lenient.

Subsequently, there were other hearings regarding Defendant Tasha Chavez. On September 22, 2014, the Court formally rejected the plea agreement between United States of America and Defendant Tasha Chavez and permitted Defendant Tasha Chavez to withdraw her plea of guilty to the charge in the Information. The Court then scheduled a trial on October 14,

2014 on the charges in the Superseding Indictment against Defendant Tasha Chavez. Eleven days later, the United States of America filed the Motion to Dismiss.

At the November 18, 2014 hearing on the Motion to Dismiss, an Assistant United States Attorney stated reasons for seeking the dismissal: (1) Defendant Tasha Chavez had not been charged in the original Indictment, which charged only Defendant James McDaniel, (2) an Assistant United States Attorney, who is no longer employed by the Office of the United States Attorney, presented evidence to a grand jury that returned the Superseding Indictment adding charges against Defendant Tasha Chavez, (3) there might be gaps in the evidence available to the United States of America that might make it difficult to prove the guilt of Defendant Tasha Chavez beyond a reasonable doubt, and (4) if Defendant Tasha Chavez were to be convicted and required to serve a sentence of imprisonment, that would have a negative effect on her children.

Also at the November 18, 2014 hearing, the Assistant United States Attorney stated that the United States of America would not pursue the charge of Misprision of Felony, to which Defendant Tasha Chavez had pled guilty, because in a conference with a supervisor, the decision had been made not to pursue that charge. (Of course, the charge of Misprision of Felony to which Defendant Tasha Chavez had pled guilty was no longer pending because the Court had permitted Defendant Tasha Chavez to withdraw her plea of guilty to that charge).

## DISCUSSION

Fed. R. Crim. P. 48(a) provides: "The government may, with leave of court, dismiss an indictment, information, or complaint." Requiring a court to approve the government's motion serves two purposes. The first and most important purpose is protecting a defendant from prosecutorial misconduct—i.e., dismissing and re-filing charges multiple times in order to harass a defendant. *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988). The second purpose

is "to allow courts to consider public interest, fair administration of criminal justice and preservation of judicial integrity when evaluating motions to dismiss." *Id.*

Few courts have addressed whether and under what circumstances a court may decline to dismiss an indictment based on public interest concerns. But one court has said that there needs to be overwhelming evidence that dismissing a charge is "clearly contrary to manifest public interest." *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975).

"[T]he prosecutor has the initial burden of explaining that a dismissal without prejudice would be in the public interest." *United States v. Florian*, 765 F. Supp. 2d 32, 35 (D.D.C. 2011) (quotation omitted). This does not really require the prosecutor to furnish evidence in order to satisfy a burden of proof; it means simply that the prosecutor has to provide some reason beyond a conclusory assertion that dismissal is favored by the public interest. *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982).

Even if the Government furnishes what appears to be unsatisfactory reasoning for its decision to dismiss an indictment based on the "interests of justice," courts are more or less bound to grant the Government's motion. Refusing to grant such a motion raises separation-of-powers concerns because it is a direct challenge to the Government's near-absolute prosecutorial discretion. *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975).

The Court concludes that the Government has met its nominal burden of furnishing a reason, under the Government's virtually unlimited discretion, that the Superseding Indictment should be dismissed as to Defendant Tasha Chavez. The Court will therefore grant the United States' Motion to Dismiss.

IT IS ORDERED THAT:

(1) The Government's Motion to Dismiss (Doc. No. 110) is GRANTED; and

(2) The Superseding Indictment is dismissed without prejudice as to Defendant Tasha Chavez.

_____
SENIOR UNITED STATES DISTRICT JUDGE